# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RONALD G. JOHNSON,

               Plaintiff,       :       Case No. 3:16-cv-136

                                      District Judge Thomas M. Rose
   - vs -                         Magistrate Judge Michael R. Merz

GARY MOHR, DIRECTOR,
 Ohio Department of Rehabilitation
 and Corrections,

              Defendant.      :

## REPORT AND RECOMMENDATIONS

This action is before the Court for review prior to issuance of process. Plaintiff is a prisoner within the meaning of 28 U.S.C. § 1915A(c) and seeks in this action a declaratory judgment that he has been held in custody by the Ohio Department of Rehabilitation and Corrections beyond the time allowed by Ohio law, when properly calculated.

Section 1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> **(a) Screening** -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

1

> governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for Dismissal** -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

The PLRA also amends 28 U.S.C. § 1915(e)(2) to read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal --
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim upon which relief can be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court must screen prisoner complaints under both § 1915A and § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin). The PLRA is constitutional. *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997).

A complaint is frivolous under 28 U.S.C. § 1915 if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); the language of § 1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court "is not bound, as it usually is when making a determination based

solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32.

The relief that Mr. Johnson seeks in this action is release from prison. He seeks to have this Court order the Defendant to recalculate his prison sentence and order him released on May 5, 2016 (Complaint, ECF No. 1, PageID 5). He claims that his federal constitutional rights to equal protection, due process, speedy trial, and protection from double jeopardy will be violated by his imprisonment past that date. *Id.* at PageID 4.

The case must be dismissed because this Court does not have jurisdiction in a declaratory judgment action to grant relief of the sort Johnson seeks. Rather, federal court authority to grant this sort of relief is confined to habeas corpus actions under 28 U.S.C. §2254. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). The Supreme Court adopted the distinction because to allow prisoners to obtain habeas-like relief on a general civil case would permit prisoners to elude the procedural requirements of corpus. *Id.*

This Court has already concluded that Johnson cannot obtain habeas corpus relief because his petition in habeas was untimely filed. *Johnson v. Warden*, Case No. 3:15-cv-407. While Judge Rice has not yet entered final judgment in that case, the Magistrate Judge has reconsidered Mr. Johnson's position several times and still concluded the case was time-barred.

Because the Complaint in this case seeks relief that cannot be granted in a general civil case seeking declaratory judgment, it should be dismissed without prejudice for failure to state a claim upon which relief can be granted. Because reasonable jurists would not disagree with this conclusion, the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 15, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).